UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    Case No. 25-cr-98 (ABJ) |
| v. | : |
| | : |
| DARNELL EARL CHRISTIAN, | : |
| | : |
| Defendant. | : |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I. Summary of the Plea Agreement

The defendant agrees to plead guilty to Count One of the Information, charging Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Count Two of the Information, charging Unlawful Possession with Intent to Distribute a Controlled Substance (Marijuana), in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D).

### II. Elements of the Offense

Count I

The essential elements of the offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a firearm and ammunition;
2. That the firearm and ammunition had been shipped and transported in interstate commerce;

DC 6/3/25

3. That, at the time the defendant possessed the firearm and ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

4. That, at the time the defendant possessed the firearm and ammunition, the defendant knew that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

The term "firearm" means a weapon, regardless of operability, which is intended to expel a bullet or other projectile by the action of an explosive.

Count II

The essential elements of the offense of Possession with Intent to Distribute a Controlled Substance (Marijuana), in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D), each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant knowingly possessed a controlled substance;
2. The substance was in fact the controlled substance as alleged in the information; and
3. The defendant intended to distribute this controlled substance.

### III. Penalties for the Offense

Count I:

The penalty for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), is as follows:

1. a maximum term of imprisonment not to exceed fifteen (15) years;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three (3) years; and

DC 6/3/25

4. a special assessment of $100.

Count II:

The penalty for Unlawful Possession with Intent to Distribute a Controlled Substance (Marijuana), in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D), is as follows:

1. a maximum term of imprisonment not to exceed five (5) years;
2. a fine not to exceed $250,000;
3. a term of supervised release of not more than three (3) years; and
4. a special assessment of $100.

United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of for imprisonment and any term of supervised release and/or probation.

IV.  **Brief Statement of the Facts**

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

1. On March 26, 2025, members of the Metropolitan Police Department (MPD) were patrolling near the Kingman Park neighborhood of the District of Columbia. The officers observed an individual, later identified as the defendant, crouching between cars on the 1800 block of Benning Road NE. Officers observed the defendant placing some of a green marijuana-like substance from a large clear plastic bag and on to a digital scale.

2. As an officer wearing a tactical vest with the word "POLICE" written on the front and back approached the defendant, the defendant immediately ran away from the officer, west along Benning Road NE.

DC 6/3/25

3. A second officer intercepted the defendant and grabbed his clothing to prevent the defendant's further escape and detain him. An officer then observed a pistol within the defendant's waistband.

4. When the officer announced a predetermined codeword for the presence of a firearm, the defendant struggled against police as he was placed into handcuffs.

5. After detaining and arresting the defendant, officers recovered a large plastic bag of a marijuana-like substance. Officers subsequently measured this large plastic bag, which weighed a total of 429 grams, including packaging. A field test on the suspected marijuana returned a presumptive positive for the presence of tetrahydrocannabinol (THC), a chemical compound found in the cannabis plant.

6. Officers also recovered the digital scale they previously observed the defendant using, on top of which was a marijuana-like substance.

7. Recovered from the defendant's person was a clear plastic bag containing a white rock-like substance and $106 in U.S. currency. Officers subsequently measured the clear plastic bag containing a white rock-like substance, which weighed a total of 14 grams, including packaging. A field test performed on the rock-like substance returned a presumptive positive for cocaine base.

8. The firearm recovered is a black, Glock model 45, 9mm handgun, bearing serial number BRKD296. The firearm was loaded with a 17-round extended magazine, loaded with 16 rounds. Additionally, the firearm had a round in the chamber. The firearm appeared to be fully functional.

9. There are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearms and ammunition in this case would have traveled in interstate commerce prior to being recovered in the District of Columbia.

10. The defendant was previously convicted of Possession with Intent to Distribute a Controlled Substance (cocaine) in District of Columbia Superior Court Case number 2015 CF2 16102, which is an offense punishable by more than one year incarceration. The defendant was sentenced to 16 months suspended in connection with this conviction, and therefore knew that he had previously been convicted of an offense punishable by a term of imprisonment of more than one year at the time of his arrest for the instant matter.

11. The defendant agrees that he possessed the marijuana with the intent to distribute it and that the possession of the firearm in this case was in connection with the felony offense of possession with the intent to distribute marijuana.

12. The defendant further agrees that he personally has read, or had read to him, the information in this case, including the allegations and charges in the information. The defendant admits that he does not have any information to dispute or disprove those allegations set forth in the indictment in any way.

13. This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.

*DC 6/3/25*

Respectfully Submitted

Jeanine Ferris Pirro
United States Attorney

By: _____
TIFFANY WYNN
Special Assistant United States Attorney
D.C. Bar Number 1011424
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7504
Tiffany.wynn2@usdoj.gov

DC 6/3/25

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Unlawful Possession with Intent to Distribute a Controlled Substance (Marijuana), in violation of Title 21 United States Code Sections 841(a) and (b)(1)(D). I have discussed this proffer fully with my attorney, Maria Jacob. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 5/30/25

Darnell Christian
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1), and Unlawful Possession with Intent to Distribute a Controlled Substance (Marijuana), in violation of Title 21 United States Code Sections 841(a) and (b)(1)(D). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 5/30/25

Maria N. Jacob
Attorney for Defendant